UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICK ARCHER #615725,

    Petitioner,

v.                                       Case No. 2:08-cv-5
                                              HON. ROBERT HOLMES BELL

GERALD HOFBAUER,

    Respondent.
_____/

## OPINION

Petitioner Rick Archer #615725, a federal prisoner who is currently being incarcerated at the Marquette Branch Prison (MBP), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the validity of his continued confinement in the Michigan Department of Corrections (MDOC). Petitioner contends that his confinement at MBP violates the Intergovernmental Agreement (IGA), as well as state and federal law. Petitioner states that the IGA expired on March 31, 2007, and that his continued confinement by the MDOC is unlawful. Petitioner asserts that even if the IGA has been renewed, Respondent violated the terms of the IGA. Petitioner claims that he has a liberty interest in being confined in a facility which complies with the IGA, the Michigan Interstate Compact, and other state and federal laws.

Petitioner states that he has been denied access to his inmate records under the Freedom of Information Act and Privacy Act, and that he has been denied adequate health care in violation of the IGA. In addition, Petitioner states that he has been confined in long term segregation in violation of his due process rights because he was classified as a member of a Special Threat Group (STG), which also violates the IGA. Petitioner also asserts that he is a Native

American and has been denied the ability to practice his religion because he cannot attend a sweat lodge or possess certain objects necessary to his beliefs in violation of the Religious Land Use and Institutional Persons Act (RLUIPA) and the IGA. Finally, Petitioner claims that Respondent violates the IGA because his confinement constitutes cruel and unusual punishment in violation of the Eighth Amendment.

Promptly after the filing of a petition for habeas corpus, the court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v Perini*, 424 F.2d 134, 141 (6th Cir.), *cert. denied*, 400 U.S. 906 (1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

Petitioner maintains that his conviction was obtained in violation of his federal rights. As noted above, Petitioner claims that his confinement in the MDOC system violates the IGA. Petitioner asserts that he has a liberty interest in being confined within the federal prison system. As stated by Petitioner, his application for habeas corpus relief is properly analyzed as a petition under 28 U.S.C. § 2241. As such, Petitioner's application is properly denied. *Fowler v. United States Parole Comm'n*, 94 F.3d 835, 837 (3d Cir.1996). Petitioner's claims are meritless because he has no constitutional right to any particular custody classification. *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9, 97 S. Ct. 274 (1976). Moreover, Petitioner's claims regarding medical care,

religious freedom and the lack of amenities are claims regarding the conditions of his confinement. Generally, habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement. *Preiser v. Rodriquez,* 411 U.S. 475, 500 (1973). Whereas, 42 U.S.C. § 1983 is used to constitutionally challenge the terms and conditions of confinement. *Id.*

In summary, the Court finds that Petitioner's claims are without merit and therefore will dismiss the petition with prejudice.

In addition, if petitioner should choose to appeal this action, a certificate of appealability will be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A dismissal of petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, if the court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug. 27, 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug. 27, 2001). Consequently, the Court has examined each of petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. As noted above, Petitioner's claims concern the conditions of his confinement, not the fact or duration of his confinement. Therefore, the Court will deny petitioner a certificate of appealability.


Dated: October 22, 2008                          /s/ Robert Holmes Bell
                                                 ROBERT HOLMES BELL
                                                 UNITED STATES DISTRICT JUDGE